*151 The opinion of the court was delivered by
Sergeant, J.
On the question, what estate Thomas Newark took, under the will of his father, there has been little or no argument in this court; but I think it clear, that according to the current of decisions in this court and in England, he took an estate tail. Most of the authorities applicable to this point, will be found collected in the cases of Haines v. Witmer, (2 Yeates, 400,) and Clark v. Baker, (3 Serg. & R. 470.) The more doubtful point has been, whether the common recovery was duly suffered, so as to bar the issue in tail;'and the ,court below held that it was riot.
The act of assembly of the 27th of January, 1749-50, gave to fines and common recoveries the same effect for the barring of estates tail within this province, as they had by the laws of England ; and many recoveries were suffered for this purpose, prior to the passage of the act of the 16th of January, 1799, which enables tenants in tail to convey by deed, as fully as they could by common recovery or othei'wise. In the construction of common recoveries, suffered after the act of 1749-50, the same rules are applicable which governed them in England: and in that country, they had long been treated as common assurances; and it has become a settled rule, that, like other conveyances, such construction is to be made as will best support the agreement of the parties, and carry into effect their intentions. The main consideration is, whether there were parties competent to suffer the recovery. If there were, every interpretation of their acts is to be made with a view to sustain their conveyance, and not to permit mistakes or blunders in the use of the machinery employed, to overturn rights acquired and transmitted to purchasers for valuable consideration. Before the statute declonis, a grant to one and the heirs of his body was so interpreted by the courts, as to enable the donee to transfer a fee simple, as soon as issue was born. That statute forbade this construction, and created the tenancy in tail, with the design of preserving the estate' in one family, from generation to generation. Perpetuities of this kind were found so inconvenient, and so hostile to the improvement of the country, that the device of a common recovery was allowed, in order to unfetter the estate; and the tenant in tail has since been treated as the potential owner of the fee simple, having an inherent right to destroy the entail, with all remainders and reversions, incapable of being restrained or prevented by any clauses of limitation, condition,' or prohibition, by custom, recognizance, or otherwise; and every support and encouragement have been given to common recoveries, as legitimate modes of conveyance of the fee simple. As early as Lord Coke’s time, the language of the courts is quite as strong as any that has been since uttered. In Jennings’ case, (10 Co. 44,) it is said, that where tenant in tail is, in the recovery, tenant in fact, or tenant in law, as vouchee, *152 the law,, as incident to his estate, has made the land and all remainders and reversions subject to his pleasure, and he has right and power to bar them all. In 3 Rep. 3, (Winchester’s case,) it is said, that common recoveries, as much as any benign interpretation of the law will permit, ought to be maintained, because they are the common assurances of the land. In Lord Cromwell's case, (2 Rep. 74,) it is said, that common recoveries ai’e common assurances of the land; and such conveyances shall be expounded and construed according to common allowance, without prying into them with eagle’s eyes. After an interval of two centuries, Blackslone says, that modern courts of justice Consider them in no other light than as the formal modes of conveyance, by which tenant in tail is enabled to alien his lands. 2 Black. Com. 360. This language has been often reiterated. 2 Black. Com. 358. 1 Wils. 73. 1 Burr. 115. I speak not now of a recovery suffered by a tenant for life, which is forbidden by the law, and is always strictly construed. It is far otherwise of a tenant in tail, conveying a fee simple by it; for he does no more than what he may rightfully do, and what public policy has encouraged him to to. Let us examine, then, whether the recovery in the present instance connot be sustained; for if it can be so, by any reasonable interpretation of the acts of the parties, it certainly ought to be in favour of persons holding under it as purchasers for valuable consideration, by titles transmitted from hand to hand, accompanied with possession for now about thirty-seven years.
Thomas Newark was tenant in tail of the premises under the will of his father, and, as such, entitled to transfer a fee simple by suffering a common recovery. He was about to leave this city on a voyage to Amsterdam, as appeal’s by the power of attorney; and had sold, or contracted to sell the premises to Guthrie and wife, or, if they acted as his friends, to Littler: for, on the 19th of December, 1797, soon after the deeds of the 24th November and the teste of the writ of entry, Littler took a deed from Guthrie and wife, in fee simple, in consideration of $2218 79 ; the same consideration stated in the deed from Newark to Guthrie and wife. Littler held until 1803, when he conveyed to Robert Smith, under whom the defendant holds. It is impossible not to perceive, from the whole transaction, that Littler stood in the light of a bona fide purchaser of the fee simple, for a valuable consideration, entitled, as such, to demand from Newark the suffering of a common recovery to transfer the title; and that the uses of the recovery were to be in Guthrie and wife, (or Guthrie himself, which leads to the same result,) for the purpose of conveying the fee to Littler; and that Littler bought on the faith of this arrangement, then actually made and in progress of completion.
The first deed is dated on the 23d of November, 1797, but Was acknowledged on the 24th: and by it Newark, in consideration of *153 $2218 79, bargains and sells the premises to Samuel Guthrie, and Hannah his wife, their heirs and assigns, to the use of Samuel Guthrie, and Hannah his wife, their heirs and assigns; with a covenant for further assurance. If this deed be considered by itself, as an instrument altogether distinct from the other acts and declarations of the parties, then it conveyed no more than Newark could rightfully convey by deed, namely, a base fee, which bound him during his life time; but which his issue might defeat by entry. This point was settled by Chief Justice Holt, in the case of Machel v. Clark, 2 Ld. Ray. 778. 3 Burr. 1703. Prest. Abs. Tit. 385. A conveyance, under our recording act, has the same effect: it passes no more than the grantor can lawfully convey. M’Kee’s Lessee v. Pfoutz, 3 Dall. 486. A common recovery, afterwards duly suffered by Newark, with double voucher, would have corroborated the base fee transferred by the bargain and sale to Guthrie and wife, and passed a fee simple, to the same uses as those contained in the deed to them. But a common recovery, with single voucher, suffered by Newark, in which he was tenant to the prcecipe, as he had parted with the freehold by his deed to Guthrie and wife, would bar himself only, and not his issue.
This, however, is not the true way of considering the transaction. It is obvious, from the dates of the deeds and power of attorney, and from the proceedings in the recovery, that they constituted, together, one assurance; of which the deed to Guthrie and wife, was a deed to lead the uses, and was but part of the proceeding, and executory until the recovery was suffered. When suffered, it enured to the uses declared in that deed ; more especially, as there is an immediate purchaser under it. Where no uses are declared of a recovery, either by a previous deed to lead the uses, or a subsequent one to declare them, it enures to the use and benefit of him who suffers it. If there be a purchaser, for a valuable consideration, the recovery, when suffered, enures to his use. Here were both a deed to lead the uses to Guthrie and wife, and an immediate purchaser, for valuable consideration, from them. The deed of the 23d November, 1797, being but executory, its only operation, till the recovery should be completed, was to fix the uses of the recovery ; and when the recovery was completed, the freehold and seisin passed to the demandant, Guthrie, to those uses, and those uses only. A deed to lead the uses of a fine or recovery, says Mr. Preston, in his Treatise on Conveyancing, vol. ii, page, 2, 3, is not a conveyance of itself. It has no individual or immediate operation on the seisin or estate. It is merely a covenant or agreement to levy a fine, or suffer a common recovery. This deed, and the fine when levied, or recovery when suffered, will operate as a part of the same assurance. • No estate passes till the fine is levied, or recovery suffered; and in the mean time, no uses can arise, for want of a seisin to supply or feed those uses. In the case of Doe dem. Odiorne, *154 v. Whitehead, (2 Burr 70,) the first instrument was a conveyance! in January, 1735, from Timothy Staughton, the tenant in tail, by lease and release, to trustees to uses, in strict settlement, with a bovenant to levy a fine to the same uses. Afterwards, in Hilary term, 1735, Timothy Staughton did levy a fine according to the bovenant. The argument of the plaintiff was, that the fine passed no freehold, the freehold having been, before the levying of the fine; bonveyed by lease and release, and that the fine was a distinct conveyance. But Lord Mansfield says, all was executory at the time of making the lease and release: the deeds and the fine were to be considered as one conveyance: the operation of the deeds was only to declare the uses of the fine: and the court condemn, in strong language, the attempt to divide the different parts of one conveyance; and declare that, in point of law, the whole transaction; and its general intention, ought to be taken into one view. So here, Newark had a right to suffer a common recovery, and sell the fee simple : it w,as his plain and obvious intent to do so, on the face of the whole transaction. The deed to Guthrie and wife is not to be ¡severed from the rest, and treated as á distinct conveyance, but as a deed to lead the uses of a common recovery, tobe suffered for the purposes of passing the fee simple to a purchaser. And this abundantly appears, although there is in the deed no covbnant to suffer a recovery, or any mention of it. Under the covenant for further assurance, a purchaser has a right to demand that a recovery be suffered by the tenant in tail in his favour, as fully as if that covenant were particularly expressed. 1 Prest. Convey. 15. 1 Prest. Abs. Tit. 257. And from that covenant, from there being a purchaser, and from the cotemporaneous dates and proceedings, it is plain that the recovery was to be suffered to the uses expressed in the deed.
The next step taken, was an attempt to make a tenant to thé prcecipe. For this purpose, Newark executes a deed to Guthrie; in fee simple; which, after reciting Newark’s title, states that Newark, for barring all estates tail, and remainders in tail, in the premises, and for settling and assuring the same; in consideration of fivd shillings, bargains and sells to Guthrie, his heirs and assigns, to the intent and purpose that Guthrie shall and may become perfect tenant of the freehold, and stand and be seized thereof, until a common recovery, with single voucher, may be suffered of the same. So far the deed is intelligible; and if it had gone on to provide for á recovery in which Guthrie should be tenant, and some other person demandant, it would have had some consistency: although such recovery against Guthrie, with single voucher, would not have barred the issue in tail. The true way would have been with double voucher: namely, Guthrie to vouch Newark, and Newark the common vouchee. Instead of this, it goes on to provide that Guthrie should be the demandant, and Newark the tenant; the re *155 covery to enure to the use of Guthrie in fee. When the granting part of the deed, and its declared and sole object and intent, are directly at variance with the mode pointed out of carrying that object into effect, it is impossible to give it any effect, unless we can reconcile contradictions. And this is more especially true, in regard to a deed to make a tenant to the pracipe, who is always considered a mere instrument to effectuate the intention of the parties. 1 Burr. 117. This deed, therefore, was an abortive effort, and in its effect and operation, a mere nullity. No recovery, according to its declared intent, was ever attempted to be suffered against Guthrie, as tenant; on the contrary, he, by his writ of entry and proceedings, subsequently admitted the freehold and seisin to be in Newark, and recovered them against Newark ; and was thereby for ever estopped, as party to that recovery, to set up any adverse title by virtue of this deed, against those who purchased from him.
That being the case, the recovery is duly suffered, so as to bar the issue in tail, by Newark, as tenant to the writ of entry, with single voucher, he being seized of an estate tail in possession. 2 Black. Com. 356. 1 Prest. 356. 1 Prest. Convey. 31. And it operates according to the uses expressed in the deed to Guthrie and wife, who, by their deed of the 19th of December, 1797, lawfully sold and conveyed the fee simple in the premises to Littler, under whom the defendant holds,
Judgment reversed.